# IN THE UNITED STATES BANKRUPTY COURT
## FOR THE DISTRICT OF COLUMBIA

In re:                                  *
                                        *
Anna Maria Allen                        *      Case No. :  09-01114
                                        *
                                        *
        Debtor                          *      (Chapter 7)
                                        *
                                        *
*     *     *     *     *     *     *     *     *     *     *     *

## RESPONSE TO DEBTOR'S EMERGENCY MOTION TO WITHDRAW COUNSEL OF RECORD AND DENY TRUSTEE HIRING OF REAL ESTATE AGENT

**COMES NOW**   the debtor Anna Maria Allen, former counsel William C. Johnson, Jr., hereby serves his Response to Debtor's Emergency Motion to Withdraw Counsel of Record and Deny Trustee Hiring of Real Estate Agent for the reasons set forth below:

1.      On or about December 15, 2009, the debtor, pro se, filed for relief under Chapter 11 of the United States Bankruptcy Code following the dismissal of two prior bankruptcy cases also filed in 2009.

2.      On or about May 20, 2010, this honorable Court entered an Order converting the debtor's case from a case under Chapter 11 to a Case under Chapter 7 due the debtor's failure to follow the rules.

3.      On or about September 8, 2010, this honorable Court denied the debtor's motion to dismiss the Chapter 7 case.

4.      On September 17, 2010, the debtor filed a motion under document # 77 to convert her case from case under Chapter 7 to a case under Chapter 13.

5.     The motion to convert her case from case under Chapter 7 to a case under Chapter 13 was vehemently opposed by both the Chapter 7 and Chapter 11 Trustees.[1]

6.     The Chapter 11 Trustee's motion alleged the debtor was not eligible for Chapter 13 under § 109(e).  The Chapter 11 trustee cited *De Jounghe v. Mender* (*In re De Jounghe*), 334 B.R. 760, 768 (1st Cir. Bnkr. 2005).

7.     The Chapter 7 Trustee concurred with the Chapter 11 Trustee assessment as to the eligibility of the debtor for Chapter 13 relief under § 109(e).  See Document #79.

8.     Debtor's counsel was retained to find a resolution to the debtor's problem.  The debtor was advised of the strategy to resolve her issue.

9.     The debtor was informed that an analysis of her eligibility would be conducted under the ruling the Court issued in *In re Brammer*, 431 B.R. 522 (Bankr. D.D.C. 2009).

10.    Under this analysis, the debtor was informed that secured claims can be bifurcated into secured and unsecured portions in determining Chapter 13 eligibility.

11.    The debtor was further informed that if she did not qualify for § 109(e) eligibility that the motion to convert would be withdrawn and she would have to negotiate with the Chapter 7 trustee regarding a resolution for unsecured creditors.

12.    The analysis of the 1715 Kilbourne Place NW Washington D.C. property revealed a fair market value of $730,000.00 for the property. The proof of claim for the property submitted by Suntrust Mortgage indicated a claim in the amount of $830,764.04.  Thus the debt for the property was deemed secured to the extent of $730,000.00 and unsecured in the amount of $130,764.00.

---

[1]   The Chapter 11 Trustee opposed the Motion to Convert to a case under Chapter 13 in document # 78. The Chapter 7 Trustee opposed the Motion to Convert to a case under Chapter 13 in document #79.

13.     The analysis of the 3102 18th St. NW Washington, D.C. property revealed a fair market value of $714,500.00 for the property.  The proof of claim for the property submitted by CitiMortgage indicated a claim in the amount of $544,684.97.  Thus, the entire claim of Citimortgage is secured in the amount of $544,684.97 and creating equity in the debtor's property in the amount of $169,815.03.

14.     Based upon the foregoing analysis, counsel for debtor calculated the secured debt to be in the amount of $1,274,682.97[2] and therefore $193,182.97 in excess of the $1,081,500 limit of § 109(e).

15.     Upon review and conference with both the Chapter 11 and Chapter 7 trustees it was determined that the debtor did not qualify for Chapter 13 under §109(e).

16.     In a conversation with the Chapter 11 trustee she expressed displeasure with the debtor's son's involvement in the case and his argument that he was liable for 80% of the debtor's mortgage and that it should not be included in the calculation of § 109 (e) eligibility.  Debtor's counsel agreed with the Chapter 11 Trustee.

17.     Counsel for the debtor then communicated directly with the Chapter 7 trustee's office regarding the Homestead Exemption for the debtor's primary residence located at 3102 18th St. NW Washington, D.C. 20010.

18.     A telephone conference with the Natalie Walker, Esq, of the Chapter 7 trustee's office, revealed that the debtor maintained a primary residence in the State of Georgia and the son resided in the D.C. property.

19.     Apparently, the debtor revealed her primary residence was in Georgia during the § 341 Meeting of Creditors.

20.     The debtor's son informed debtor's former counsel that the debtor resided primarily in the District of Columbia.  The debtor was advised of her Homestead exemption for her primary residence only.

---

[2]   $730,000.00 + $544,684.97 = total secured debt in the amount of $1,274,682.97.

21. The debtor's son tried unsuccessfully to persuade debtor's former counsel the debtor commutes daily from Georgia because the debtor's minor child and husband lives in Georgia.

22. Debtor's counsel informed the debtor's son of the perils of Rule 9011 and further admonished him concerning attempts to perpetuate a fraud upon the Court.

23. The motion to convert was withdrawn and the Court subsequently granted the debtor's Chapter 7 discharge closing the instant matter.

24. Debtor's counsel then commenced to negotiate with the Chapter 7 Trustee and arrange financing for the debtor's considerable equity.

25. It appears as if Debtor's son, Carlos Allen, did not agree with the Court's grant of a discharge in the instant matter and has since argued that his mother belongs in Chapter 13 because she is only liable for twenty percent (20%) of the debt on her alleged primary residence.

26. Upon information and belief, the impetus behind the Debtor's son position is that he in fact resides in the property the Chapter 7 trustee now intends to sell to satisfy the unsecured creditors.

27. Carlos Allen, debtor's son, believes that since the mortgage has been modified that the Chapter 7 trustee is not entitled to sell the property to satisfy the other creditors.

28. In conversation with the debtor's son, he was informed that the trustee was requesting that the debtor pay the $40,000.00 owed to creditors or make some other arrangement thereby.

29. The debtor was informed of this opportunity however, the debtor's son, Carlos Allen, was unaccepting of this arrangement.  The debtor, according to the most recent conversation, wants to make an arrangement to pay the unsecured creditors rather than sell the property.

30. The debtor's son filed the instant motion under the guise of the debtor, his mother, was making a pro-se filing.

31.     The "filing" motivating this response makes unfounded allegations of negligence and unethical behavior by debtor's former counsel.  The Court must investigate the allegations.

32.     Debtor's former counsel merely informed the debtor and her son that they must follow the rules and procedures in order to get the relief they desired.  The overreaching and meddling by the debtor's son has created this situation much to the frustration and dismay of the debtor

33.     A recent conversation with the debtor Anna Allen reveals that she did not author the "Emergency Motion to Withdraw Counsel of Record and Deny Trustee Hiring of Real Estate Agent."  That her son Carlos Allen in fact drafted the document filed with this honorable Court.

34.     The debtor's former counsel has filed this response to place this honorable Court on Notice of the impetus behind the motion and to comply with the Court's Order.

    **WHEREFORE**, Debtor's former counsel requests this honorable Court denies the debtor's (son's) allegations under § 329.


December 6, 2010                    /s/ **William C. Johnson, Jr.**
                                   _____
                                   William C. Johnson, Jr., Esq.
                                   1229 15th St. NW
                                   Washington, D.C. 20005
                                   (202) 525-2958

                        **CERTIFICATE OF SERVICE**

    **I HEREBY CERTIFY**, that on this December 6, 2010, a copy of the foregoing was sent via first class mail to the following:

Office of the U.S. Trustee
115 S. Union Street
Alexandria, VA 22314

Trustee Wendell Webster
Natalie Walker, Esq.
1775 K St. NW

Suite 600
Washington, D.C. 20006

All creditors.

December 6, 2010                          */s/William C. Johnson, Jr.*

                                       _____
                                       William C. Johnson, Jr., esq.